IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ALFREDO C. MICHEL, | ) | |
| Register No. 1005390, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4187-CV-C-NKL |
| | ) | |
| MR. HEATHER, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants of Jefferson City Correctional Center are Superintendent David Dormire; Caseworkers Mrs. Bronson, Gene James and Mr. Eduard; Mr. Heather; Mr. Grisham, Mr. Cassidy; Mr. Powell; Mr. Peterson; Mr. Porter; Mr. McGraght; Mr. McKee; Mr. Patrick; Mr. Williams; Mr. Tylor; Mr. Smith; Mr. Vakeuler; Mr. Groll; Mr. Moore; Mr. Silvey; Mr. Fuller; Mr. Pendleton; Mr. Lowmeyer; Mr. A. Willing; Mr. Satterwhite; Mr. Schughter; Mr. Pope; Mr. Brigance; Mr. Miller; Mr. Smith; Don Kempker; Mr. Hess; and Mr. Beck.

Plaintiff alleges that he is being given four bottles of pork poison with each meal; that maintenance is running "heavy poison" through the air conditioner and in the water pipes; that defendants have put poison in his medications; that defendants are denying him his "completed" personal property; and that everyone in Housing Unit 7, including Don Kempker and all caseworkers, sergeants and custodial officers, is trying to kill him.

Plaintiff has also filed motions requesting not to be transferred to Crossroads Correctional Center. Plaintiff alleges that upon transfer, a "state trooper is going to shoot me with a g[u]n on my forehead, and I'm going to be death at the parking lot at Crossroads,

and I don't want to be in Crossroads prison [because] they are in contact with the parole board to kill me."  *See* Doc. 19.

Plaintiff has further filed motions requesting that the court send soldiers to his cell to get him out safely; for the arrest of the people in Housing Unit 7; for his human rights; for his "completed" property; for $50,000 from each of the sergeants and custodial officers in Housing Unit 7; and for his citizenship.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs.  28 U.S.C. § 1915(a).  Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis.  However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Upon review of plaintiff's claims, pursuant the Prison Litigation Reform Act, the court finds that plaintiff's claims should be dismissed as frivolous and for failure to state a claim on which relief may be granted.

A complaint is frivolous when the factual allegations lack an arguable basis in fact or are fanciful.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In the instant case, plaintiff's allegations that he is being poisoned and that everyone is trying to kill him, lack an arguable basis-in-fact.  The court finds such claims to be fanciful and should be dismissed as frivolous.

To the extent plaintiff alleges a denial of personal property, such claims, in essence, allege state employees violated his due process rights under the Fourteenth Amendment when they took his property.  Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not

actionable under section 1983 if suitable state remedy); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. *Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990); *Sours v. Armontrout*, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. *Hardesty v. Mr. Cribbin's Old House, Inc.*, 679 S.W.2d 343, 347 (Mo. Ct. App. 1984). *See also Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 814 (Mo. Ct. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. *See Jackson v. Wilson*, 581 S.W.2d 39, 42-43 (Mo. Ct. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 1996).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West Supp. 1996). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds. Therefore, plaintiff's claims challenging alleged denial of his "completed" property should be dismissed for failure to state a claim on which relief may be granted.

The court additionally notes that plaintiff's claims are subject to dismissal as frivolous on the grounds that such claims are duplicative. Plaintiff's claims appear to be similar, if not duplicative, of those recently filed with this court in *Michel v. Dormire*, No. 05-4178 (W.D. Mo. June 8, 2005). Where the court finds that an indigent plaintiff seeks to file in forma pauperis a complaint which presents claims that are similar, if not identical, to those which are alleged by him in another pending action, the duplicate case may be dismissed under section 1915 as frivolous. *See Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir.), *cert. denied*, 423 U.S. 896 (1975). Plaintiff is not entitled to expend unnecessarily the limited resources of the court and opposing parties by the initiation of duplicative actions. Thus, plaintiff's claims are also subject to dismissal as frivolous because plaintiff's claims are duplicative.

3

Case 2:05-cv-04187-SOW    Document 24    Filed 07/29/05    Page 3 of 5

In light of this court's recommendation to dismiss plaintiff's claims as frivolous and for failure to state a claim, the court further recommends that plaintiff's related additional miscellaneous motions be denied.

Plaintiff's complaint should be dismissed because his claims are frivolous and he has failed to state a claim, pursuant to 42 U.S.C. § 1983.  Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence.  It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, as frivolous and for failure to state a claim for which relief can be granted.  It is further

RECOMMENDED that plaintiff's motions for order that the court send soldiers to get him out of his cell safely; to arrest people in Housing Unit 7; for human rights; for return of "completed" property; for $50,000 from each person in Housing Unit 7; for citizenship; and for prevention of transfer be denied [6, 7, 8, 9, 12, 13, 14, 15, 17, 18, 19].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  If additional time is needed, a motion for an extension of time must be filed within twenty days.  The motion should state the reasons for the request.  *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis.  By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases.  Plaintiff is now warned that the court will collect the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case.  *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's

account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 29th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge